463 P.2d 567

Richard M. BROUGH, Plaintiff and Respondent,

v.

The BOARD OF EDUCATION OF MILLARD COUNTY SCHOOL DISTRICT, Jack Nelson, Delma Jean Galli and Gerald B. Huff, members of the Board, and Talmage Taylor, Superintendent, Defendants and Appellants.

No. 11710.

Supreme Court of Utah.

Jan. 8, 1970.

5. McCollum v. Clothier, 121 Utah 311, 241 P.2d 468.

Thorpe Waddingham, Delta, Richard H. Nebeker, of Cannon, Green, Nebeker & Horsley, Salt Lake City, for defendants and appellants.

Walter R. Ellett, Murray, for plaintiff and respondent.

HARDING, District Judge.

The court recognizes that a school teacher has the same right to freedom of speech under the Constitutions of the United States and of the State of Utah as any other person. However, the exercise of this right is not without its consequences.[1] Surely the right of freedom of speech in a schoolteacher cannot prevent a school board from taking such action with respect to school personnel as in its judgment will most efficiently and properly fulfill its responsibility to the school district.

■■■ Plaintiff had failed to attend a school workshop for teachers at the beginning of the school year where Federally financed materials were to be used and demonstrated. He was undoubtedly entitled to his freedom of thought and of speech in regard to his declared aversion to the use of federal funds in the public schools. However, his opposition and refusal to cooperate in carrying out the policies determined by those charged with the duty of administering school affairs was a factor which those officials could properly consider in fulfilling their responsibilities. Just what all the considerations were which resulted in their judgment that the plaintiff should be transferred from the Millard High School to a team teaching position in the Delta Junior High School at the same salary is not our concern. It was their prerogative to make that determination. They directed the plaintiff to transfer. He refused. This refusal was reiterated in the presence of the Board of Education at two of its meetings. This was conduct which the Board could reasonably regard as insubordination justifying his dismissal; and so long as that action was not capricious, arbitrary or unreasonable it is not the prerogative of the court to interfere with it.[2]

The petition for rehearing is denied.

CROCKETT, C. J., and TUCKETT, J., concur.

1. Justice Holmes in Schenck v. United States, 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470 (1919).

2. See Board of Education, City of Los Angeles v. Swan, 41 Cal.2d 546, 261 P.2d 261; Lake Shore Motor Coach Lines v. Welling, 9 Utah 2d 114, 339 P.2d 1011.

HENRIOD, Justice (concurring).

I concur in denying the petition for rehearing because I am of the opinion that the brief of amicus curiae presents nothing but new and different points never considered on appeal by any of the counsel who initiated or argued that appeal. Counsel for amicus curiae, therefore, have no standing before this court for the purpose of raising new issues entirely foreign to appellate procedure.

CALLISTER, J., concurs in the views expressed by Mr. Justice Henriod.

ELLETT, J., having disqualified himself does not participate herein.